Catherine A. CULVER and Glenn Culver, her husband, Mary V. Mahon and Clifton Mahon, her husband, Plaintiffs Below, Appellants,

v.

William BENNETT, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted: Sept. 25, 1990.
Decided: March 21, 1991.

Robert C. Wolhar, Jr. of Wolhar & Gill, P.A., Georgetown, for appellants.

Colin M. Shalk of Casarino, Christman & Shalk, Wilmington, for appellee.

Before MOORE, WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal from a decision of the Superior Court of the State of Delaware, in and for Sussex County. The plaintiffs-appellants are Catherine A. Culver and Glenn Culver, her husband, and Mary V. Mahon and Clifton Mahon, her husband ("appellants").[1] The defendant-appellee is William Bennett ("Bennett").

The appellants filed a civil action against Bennett on February 19, 1988. The complaint alleged that Catherine Culver and Mary Mahon were injured in a motor vehicle collision on October 18, 1987, in Seaford, Delaware. At the time of the collision, Mary Mahon was a passenger in the pick-up truck operated by Catherine Culver. According to the appellants, the accident resulted from Bennett's negligent operation of his automobile.

The trial commenced on July 17, 1989. The case was submitted to the jury with special interrogatories. The jury found Bennett to be negligent, but awarded no damages to the appellants because it found, in answer to the second special interrogatory, that Bennett's negligence was not a "substantial factor" in causing the appellants' injuries. On July 20, 1989, a defense verdict was entered in favor of Bennett and against the appellants. On July 28, 1989, the appellants filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. In a memorandum opinion dated October 23, 1989, the Superior Court denied the appellants' motions.

The appellants filed an appeal in this Court on November 16, 1989. In this appeal, the appellants contend that the Superior Court's instructions and special interrogatories to the jury on the issue of proximate cause were legally erroneous, confusing, and undermined the jury's ability to intelligently perform its duty in reaching a verdict. The appellants also contend that the jury's finding was not supported by the evidence, and that their motion for a judgment notwithstanding the verdict should have been granted.

We have concluded that the Superior Court's instructions and special interrogatories to the jury, on the issue of proximate cause, were confusing and erroneous as a matter of law. We have also concluded that the interests of justice require a new trial on the issues of both liability and damages. Accordingly, we need not address the Superior Court's decision to deny the appellants' motion for a judgment notwithstanding the verdict.

*Facts*

On October 18, 1987, a motor vehicle collision occurred at the intersection of Stein Highway and Route 13A in Seaford, Sussex County, Delaware. An automobile operated by Bennett impacted with a pick-up truck which was being operated by Catherine Culver. According to Catherine Culver's testimony at trial, she was eastbound on Stein Highway in the left turn lane and was stopped for a red light. While her vehicle was at a complete stop, Bennett's vehicle collided with the rear of her vehicle. Mary Mahon was a passenger in the front passenger side of Culver's pick-up truck. Mary Mahon's testimony corroborated Culver's account of the collision.

Bennett testified that he and three friends stopped at a red light in the eastbound, left turn lane of Stein Highway in Seaford, Delaware, behind the Culver vehicle. According to Bennett, the light changed so that both he and Culver had a green arrow. At that point, Culver proceeded into the intersection and, inexplicably, locked her brakes. Bennett's automobile then hit the rear of Culver's pick-up truck. One of the passengers in Bennett's vehicle and another eyewitness to the event corroborated Bennett's testimony.

---

1. Glenn Culver and Clifton Mahon, the husbands of the female plaintiffs, made claims for the loss of consortium, society and affection of their wives.

The collision was investigated by Patrolman Ronald Fortin of the Seaford Police Department. Patrolman Fortin charged Bennett with inattentive driving. Bennett entered a guilty plea by paying a voluntary assessment.

### Jury Instruction

In the case *sub judice*, the final instructions to the jury initially defined proximate cause in the following terms: "The negligence of a party must be shown to be a proximate cause of the injury. This means that the negligence of a party may be a direct cause such as to have brought about the injury, *but for* which the injury would not have occurred." (emphasis added). This definition of proximate cause was repeated in varying forms several times throughout the jury charge.

However, the jury charge also contained the following language:

> The Court has already instructed you about what you may consider in determining whether the defendant was negligent and whether such negligence, if any, was a *substantial factor* in bringing about Plaintiffs Culver's and Mahon's, harm. If you find, in accordance with these instructions, that the defendant was negligent and that such negligence was a *substantial factor* in bringing about the plaintiffs' harm, you must then consider whether the Plaintiff Culver was contributorily negligent.
>
> If you find that the Plaintiff Culver was a *substantial factor* in bringing about her harm, then you must apply the comparative negligence act...."

(emphasis added). The second special interrogatory to the jury also included the term "substantial factor": "Was the defendant's negligence a *substantial factor* in bringing about the plaintiffs' harm?" (emphasis added). The jury answered the second special interrogatory in the negative.

### Standard of Review

### The Parties' Contentions

The appellants argue that, by instructing the jury on proximate cause in terms of both the "substantial factor" rule and the "but for" rule, the trial judge presented the jury with two separate and conflicting rules of legal causation. The appellants also argue that it was erroneous, as a matter of Delaware law, to instruct the jury on the concept of proximate cause and to phrase the special interrogatories in terms of the "substantial factor" rule. The appellee argues that the appellants' failure to object to the jury instructions and the special interrogatories at trial constitutes a waiver of their right to raise them as issues on appeal.

▮▮▮▮ This Court will generally decline to review contentions not raised and not fairly presented to the trial court for decision. Supr.Ct.R. 8. The failure to object at trial constitutes a waiver of the right to raise an issue on appeal *unless* the error is plain. *Probst v. State*, Del.Supr., 547 A.2d 114, 119 (1988) (citations omitted). "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process." *Wainwright v. State*, Del.Supr., 504 A.2d 1096, 1100 (1986).

▮▮▮▮ In evaluating the propriety of a jury charge, the jury instructions must be viewed as a whole. *Probst v. State*, 547 A.2d at 119 (citation omitted). Although a party is not entitled to a particular jury instruction, a party does have the unqualified right to have the jury instructed with a correct statement of the substance of the law. *Flamer v. State*, Del.Supr., 490 A.2d 104, 128 (1983) (citation omitted). Accordingly, in the case *sub judice*, this Court must determine whether the instructions and the special interrogatories given to the jury were erroneous as a matter of law, and, if so, whether those errors so affected the appellants' rights that the failure to object at trial is excused. *Probst v. State*, 547 A.2d at 119; Supr.Ct.R. 8.

### Proximate Cause

### Delaware Common Law Rule

### "But For" not "Substantial Factor"

▮▮ In an action based upon negligence, for a plaintiff to recover, it must be shown

by a preponderance of the evidence that the defendant's negligent act or omission violated a duty which was owed to the plaintiff. *Elliott v. Camper,* Del.Super., 194 A. 130, 132 (1937). The plaintiff must also prove, *inter alia,* that there is a reasonable connection between the negligent act or omission of the defendant and the injury which the plaintiff has suffered. *See id.* This connection is usually called "proximate" or "legal cause." W. Keeton, *Prosser and Keeton on The Law of Torts* 263 (5th ed. 1984).

According to Prosser and Keeton, "[t]here is perhaps nothing in the entire field of law which has called forth more disagreement" or confusion in judicial opinions than attempts to clarify the concept of proximate cause. *Id.* Delaware and some courts describe the concept of proximate cause in terms of what is known as the "but for" or *"sine qua non"* rule. *Chudnofsky v. Edwards,* Del.Supr., 208 A.2d 516, 518 (1965). *See Prosser and Keeton on Torts* 266. Other jurisdictions define proximate cause in terms of what is known as the "substantial factor" rule.

The "but for" test and the "substantial factor" test are two different rules for determining proximate cause. *See Prosser and Keeton on Torts* 266. Prosser and Keeton have summarized the "but for" or *sine qua non* rule as: "The defendant's conduct is a cause of the event if the event would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the event, if the event would have occurred without it." *Prosser and Keeton on Torts* 266. Prosser and Keeton have summarized the "substantial factor" rule as: "The defendant's conduct is a cause of the event if it was a material element and a substantial factor in bringing it about." *Id.* at 267. The "substantial factor" rule was developed judicially, primarily for cases involving multiple defendants, out of concern that an application of the but-for rule would allow each defendant to escape responsibility. *Id.*

Delaware has long recognized that there may be more than one proximate cause of an injury. *See e.g., McKeon v. Goldstein,*

Del.Supr., 164 A.2d 260, 262 (1960). Nevertheless, "our time-honored definition of proximate cause" has been the "but for" rule. *Chudnofsky v. Edwards,* 208 A.2d at 518. "Most simply stated, proximate cause is [defined in Delaware as] that direct cause without which the accident would not have occurred." *Id.*

### Contributory Negligence

When the two causes of an injury are alleged to be the defendant's negligence and the plaintiff's contributory negligence, Delaware has also defined proximate cause, with respect to *both* the defendant's negligence and the plaintiff's contributory negligence, in terms of the "but for" rule.

> [T]he negligence of a defendant standing alone is not sufficient to constitute legal liability, nor is the negligence of a plaintiff standing alone sufficient to deny ... a recovery. *In both instances the negligence complained of must be the sole or one of the proximate causes, ...* [meaning] that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred.

*James v. Krause,* Del.Super., 75 A.2d 237, 241 (1950) (emphasis added).

For many years, Delaware's common law recognized the traditional form of the doctrine of contributory negligence. According to that doctrine, "the contributory negligence of a plaintiff evidencing a proximate cause [of the plaintiff's own injury] is sufficient to defeat a recovery on [the plaintiff's] part." *Id.* Thus, at common law, contributory negligence was an absolute bar to any recovery by a plaintiff in Delaware.

This Court was asked to modify the common law doctrine of contributory negligence judicially and to recognize the doctrine of comparative negligence. *McGraw v. Corrin,* Del.Supr., 303 A.2d 641, 644 (1973). However, we held that "[t]he contributory negligence rule has always been the law in this State; any change therein must find its origins in the Legislature."

*Id. Contra Hoffman v. Jones,* Fla.Supr., 280 So.2d 431, 438 (1973).

### Proximate Cause

### Adoption of Comparative Negligence

### Delaware "But For" Rule Unchanged

In 1984, Delaware enacted a modified comparative negligence statute. 10 *Del.C.* § 8132. That statute provides:

In all actions brought to recover damages for negligence which results in death or injury to person or property, the fact that the plaintiff may have been contributorily negligent shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the negligence of the defendant or the combined negligence of all defendants against whom recovery is sought, but any damages awarded shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

The enactment of such a statute manifestly reflects a legislative intent to change Delaware's common law rule of contributory negligence. *Compare State v. Cooper,* Del.Supr., 575 A.2d 1074, 1077 (1990). However, we must determine the extent to which the prior common law has been changed by this statute. Thus, this case presents questions of first impression concerning the proper construction of Delaware's modified comparative negligence statute.

██ Under Delaware's common law contributory negligence doctrine, if the plaintiff's negligence was a proximate cause of his or her own injury in *any* respect, that negligence was an absolute bar to the plaintiff's recovery. A "pure" comparative negligence statute would permit a plaintiff to recover even if his or her percentage of negligence is greater than that of the defendant or defendants, reduced, however, by the degree of contributory negligence. *See* S. Woods, *Comparative Fault* 24 (2nd ed. 1987). Pursuant to Delaware's modified comparative negligence statute, if the plaintiff's contributory negligence is 50% or less, the plaintiff is permitted to recover, although the recovery is reduced proportionally. However, if the plaintiff's contributory negligence is 51% or greater, it is an absolute bar to recovery according to the Delaware statute.

Delaware's adoption of a modified comparative negligence statute changed the common law result, in some circumstances, if the plaintiff is contributorily negligent. However, the precise and unambiguous language of Delaware's modified comparative negligence statute does not reflect any legislative intent to change Delaware's historic common law determination of proximate cause with respect to either the defendant's negligence or the plaintiff's contributory negligence. Consequently, Delaware continues to adhere to its common law "but for" rule of proximate cause.

### This Case

██ Since the issue of proximate cause is ordinarily a question of fact to be submitted to the jury, it is not only appropriate but necessary for the trial judge to properly instruct the jury upon that concept. *Boyd v. Hammond,* Del.Supr., 187 A.2d 413, 416 (1963). While some inaccuracies and inaptness in statement are to be expected in any charge, this Court will reverse if the alleged deficiency in the jury instructions undermined the jury's ability to intelligently perform its duty in returning a verdict. *Probst v. State,* 547 A.2d at 119; *Storey v. Castner,* Del.Supr., 314 A.2d 187, 194 (1973); *Baker v. Reid,* Del.Supr., 57 A.2d 103, 109 (1948). *See also Haas v. United Technologies Corp.,* Del.Supr., 450 A.2d 1173, 1179 (1982); *Newnam v. Swetland,* Del.Supr., 338 A.2d 560, 561–62 (1975). Therefore, in this case, we must determine the effect of the use of the term "substantial factor," in the instructions and in the special interrogatories, on the jury's ability to decide the issue of proximate cause.

██ Delaware's modified comparative negligence statute now requires a jury to apportion the degree of liability between the parties to a negligence action in terms of percentages. However, the degree of liability to be apportioned between multiple

defendants, or the plaintiff(s) and the defendant(s), is a separate consideration which should be examined by the jury *only after causation has been established.* The problem with introducing the term "substantial factor" into the inquiry on causation is that the term "substantial factor" has a quantitative connotation. However, regardless of whether it is the defendant's negligence or the plaintiff's contributory negligence,

> it is not how little or how large a cause is that makes it a legal cause, for a proximate cause is any cause which in a natural and continuous sequence produces the injury and without which the result would not have occurred.

*Lacy v. District of Columbia,* D.C.App., 408 A.2d 985, 991 (1979) (quoting *McDowell v. Davis,* 104 Ariz. 69, 448 P.2d 869, 871–72 (1968)); *aff'd on rehearing,* 424 A.2d 317 (1980).

A jury is likely to be confused by implicitly suggesting that it should determine causation based upon an assessment of whether the degree of liability was substantial or insubstantial. The potential for that confusion has been commented upon by Prosser and Keeton:

> [T]he genesis of the "substantial factor" rule was a perceived need to aid plaintiffs (in cases in which the "but for" rule would have excused all wrongdoers because the conduct of each would have been sufficient to cause all of plaintiff's harm). In contrast, the rule is now more often invoked to aid a defendant. That is, it is invoked in cases in which a defendant's conduct is clearly a "but for" cause of plaintiff's harm, and defense counsel contends that defendant's conduct made such an insubstantial contribution to the outcome that liability should not be imposed.
>
> .    .    .    .    .
>
> [T]his usage definitely is concerned with factual quantum of causal relation; it focuses upon degrees of causal contribution of different antecedents of the harm for which the plaintiff seeks damages. It proposes to deny liability for insubstantial contributions, even when

"but for" causal relation is established. ... When a court so uses "substantial factor," it imposes a prerequisite to legal responsibility that must be satisfied even in those cases in which the "but for" test is plainly satisfied. Used in this way, the "substantial factor" test becomes an additional barrier to liability, primarily useful to defendants, though also useful to plaintiffs in meeting the defense of contributory fault.

*Prosser and Keeton on Torts* 266 (1988 Pocket Part at 43–44).

Delaware's modified comparative negligence statute has changed the common law doctrine of contributory negligence. However, that statute did not change Delaware's common law adherence to the "but for" rule of proximate cause. In fact, following the enactment of Delaware's modified comparative negligence statute, it is especially necessary to instruct the jury on the issue of proximate cause in terms of the Delaware "but for" rule. This properly focuses the jury's initial attention exclusively on causation, before it gives any consideration to the parties' respective percentages or degrees of liability.

In this case, the term "substantial factor" was included in the text of the jury instructions and in the special interrogatories at the request of Bennett's defense counsel and resulted in a defense verdict. The use of the term "substantial factor" was erroneous and a deficiency which undoubtedly undermined the jury's ability to intelligently perform its duty to determine if Bennett's negligence was a "but for" proximate cause of the appellants' injuries. It was plain and reversible error, as a matter of Delaware law, to use the term "substantial factor" in the instructions and interrogatories to the jury on the issue of proximate cause.

### Conclusion

The judgment of the Superior Court is REVERSED. This matter is remanded for a new trial.