In re ASBESTOS LITIGATION PUSEY TRIAL GROUP; Ann M. North, Individually and as Administratrix of the Estate of William P. North, Sr., deceased; Patricia Piorko, as Administrator of the Estate of Frank Piorko, Sr., deceased; Nancy B. Pusey, Individually and as Executrix of the Estate of Marquis Pusey, deceased; Plaintiffs Below, Appellants, Cross–Appellees,

v.

OWENS–CORNING FIBERGLAS CORPORATION, Defendant Below, Appellee, Cross–Appellant.

OWENS–CORNING FIBERGLAS CORPORATION, Defendant Below, Appellant,

v.

Ann M. NORTH, Individually, and as Administratrix of the Estate of William P. North, Sr., deceased, Plaintiff Below, Appellee.

OWENS–CORNING FIBERGLAS CORPORATION, Defendant Below, Appellant,

v.

Patricia PIORKO, Individually and as widow of Frank Piorko, Sr., as Administrator of the Estate of Frank Piorko, Sr., deceased, Plaintiff Below, Appellee.

Nos. 405, 1994, 410, 1994 and 411, 1994.

Supreme Court of Delaware.

Submitted: Sept. 12, 1995.
Decided: Oct. 12, 1995.
Rehearing Denied Nov. 6, 1995.

**110**

Thomas C. Crumplar (argued), Mary Ann Matuszewski and Marla Rossoff Eskin, Jacobs & Crumplar, P.A., Wilmington, for Appellants/Cross–Appellees.

Armand J. Della Porta, Jr. and Kelly J. Sasso, Kelley, Jasons, McGuire & Spinelli, Wilmington, and William G. Ballaine (argued), Stephen Jacobs and Michael J. Schwab, Siff Rosen P.C., New York City, for Appellee/Cross–Appellant, Owens–Corning Fiberglas Corporation.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

These proceedings are appeals and cross-appeals arising from judgments entered in the Superior Court against the defendant, Owens–Corning Fiberglas Corporation ("OCF"). The judgments were in favor of Nancy B. Pusey, individually and as Executrix of the Estate of Marquis Pusey, Ann M. North, individually and as Administratrix of the estate of William P. North, Sr., and Patricia Piorko, individually and as Administrator of the Estate of Frank Piorko. The complaints alleged that the decedents died as a result of lung cancer resulting from exposure to asbestos-containing insulation products ("ACPs"). The answer of OCF asserted that the lung cancer was caused by the decedents' contributory negligence in smoking cigarettes.

The jury found that OCF's negligence proximately caused the deaths of Messrs. Pusey, North, and Piorko. It awarded compensatory damages in the form of survival action damages, damages for loss of consortium, and wrongful death damages. With regard to the compensatory damages, the jury apportioned fault between OCF and some of the settling defendants.[1] The jury also determined that a substantial percentage of the decedents' lung cancer damages were attributable to cigarette smoking. The Superior Court reduced the compensatory damage awards by the percentage the jury

---

1. The actions originally named numerous manufacturers and distributors of ACPs as defendants, in addition to OCF. The other defendants reached settlements with the plaintiffs prior to or during trial. OCF was the only defendant remaining when the case was submitted to the jury.

attributed to cigarette smoking. The jury also concluded that OCF had been recklessly indifferent to Mr. Pusey's rights and awarded punitive damages. The Superior Court vacated the punitive damage award on public policy grounds.

In this appeal, the plaintiffs seek: (1) to set aside the reduction of damages based on the decedents' cigarette smoking; (2) to set aside the jury's apportionment of fault to the settling defendants; and (3) to reinstate the jury's punitive damage award. In its cross-appeals, OCF challenges: (1) the Superior Court's failure to allow the jury to consider the decedents' cigarette smoking as contributory negligence; (2) the magnitude of all awards for certain marital and household services; and (3) the jury's apportionment of certain compensatory damages in each case without regard to the decedents' cigarette smoking.

■ This Court has concluded that the plaintiffs' first challenge is meritorious. The Superior Court erred, as a matter of law, when the jury was instructed that the damages it awarded would be reduced by the percentage of harm it found attributable to cigarette smoking, in the absence of a prerequisite finding of contributory negligence. This Court has also concluded that OCF correctly asserts that the Superior Court erred by not submitting the issue of contributory negligence to the jury. The judgments of the Superior Court must be reversed.[2] The other issues raised on appeal will be addressed only briefly since new trials will be necessary.

### Proximate Cause

■ It is well-established that there may be more than one proximate cause of an injury. *Culver v. Bennett*, Del.Supr., 588 A.2d 1094 (1991). *See e.g., McKeon v. Goldstein*, Del.Supr., 164 A.2d 260, 262 (1960). Proximate cause is "that direct cause without which the accident would not have occurred."

*Culver v. Bennett*, 588 A.2d at 1097. When the two causes of an injury are alleged to be the defendant's negligence and the plaintiff's contributory negligence, the issues of proximate cause, with respect to *both* the defendant's negligence and the plaintiff's contributory negligence are examined in terms of the "but for" rule. *Id.*

> [T]he negligence of a defendant standing alone is not sufficient to constitute legal liability, nor is the negligence of a plaintiff standing alone sufficient to deny ... a recovery. *In both instances the negligence complained of must be the sole or one of the proximate causes,* ... [meaning] that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred.

*Culver v. Bennett*, 588 A.2d at 1097 (quoting *James v. Krause*, Del.Super., 75 A.2d 237, 241 (1950)) (emphasis added).

### Jury Instructions
### Contributory Negligence

In this case, the Superior Court's instructions regarding *negligence and proximate cause* made reference *only* to OCF and the settling defendants.

> Thus, if you find that the defendant [OCF] and one or more of "the companies" [settling defendants] breached a duty to plaintiffs and that breach proximately caused the plaintiffs' [decedents'] injuries, you will determine the degree of fault of the defendant [OCF] and of each "company" [settling defendant].

■ The expert witnesses for the plaintiffs and OCF testified that cigarette smoking was one of the proximate causes of the decedents' lung cancer. In fact, OCF's experts testified that cigarette smoking was the sole proximate cause of the decedents' lung cancer. The Superior Court, however, refused to instruct the jury regarding the issue of the

---

**2.** During oral argument, the plaintiffs contended that, since OCF only cross-appealed regarding the failure to give a contributory negligence instruction in the North case, the jury's original awards in Piorko and Pusey should be reinstated. This Court has concluded that submitting the issue of causation from cigarette smoking to the jury, without an instruction on contributory negligence, requires a reversal of each judgment because it undermined the jury's ability to discharge its responsibilities. *Culver v. Bennett*, Del.Supr., 588 A.2d 1094 (1991).

contributory negligence of the decedents. In view of the experts' testimony, this Court has concluded that the Superior Court erred by not instructing the jury on the issue of the decedents' contributory negligence, due to cigarette smoking, as a proximate cause of their lung cancer. *McNally v. Eckman,* Del. Supr., 466 A.2d 363, 370–71 (1983). *Cf., Money v. Manville Corp. Asbestos Disease Compensation Trust Fund,* Del.Supr., 596 A.2d 1372 (1991). *Accord Champagne v. Raybestos–Manhattan, Inc.,* 212 Conn. 509, 562 A.2d 1100, 1118–1122 (1989); *Brisboy v. Fibreboard,* 429 Mich. 540, 418 N.W.2d 650 (1988).

### Comparative Negligence

In 1984, Delaware enacted a modified comparative negligence statute. 10 *Del.C.* § 8132. That statute provides:

In all actions brought to recover damages for negligence which results in death or injury to person or property, the fact that the plaintiff may have been contributorily negligent shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the negligence of the defendant or the combined negligence of all defendants against whom recovery is sought, but *any damages awarded shall be diminished in proportion to the amount of negligence attributed to the plaintiff.*

10 *Del.C.* § 8132 (emphasis added).

■■■ Pursuant to Delaware's modified comparative negligence statute, if the plaintiff's contributory negligence is 51% or greater, it is an absolute bar to recovery. *Culver v. Bennett,* 588 A.2d at 1098. If the plaintiff's contributory negligence is 50% or less, however, the plaintiff is permitted to recover, although the recovery of damages is reduced proportionally. *Id.* The Delaware comparative negligence statute unequivocally makes an *attribution of negligence to the plaintiff a condition precedent* to a denial or proportionate *reduction in the damages* the plaintiff would otherwise receive.

### Jury Instructions
### Reduction In Damages

The Superior Court compounded the error of not giving a contributory negligence in-struction. Without a predicate finding of each decedent's negligence, the jury was, nevertheless, instructed that the damages it awarded would be reduced by the percentage of "causation" it attributed to each decedent's cigarette smoking:

In this case it is contended by the parties as to Mr. North, Mr. Piorko and Mr. Pusey that their lung cancers have been caused by cigarette smoking and asbestos exposure or one or the other. Damages for harm are to be apportioned among two or more causes where there are distinct harms or there is a reasonable basis for determining the contribution of each cause to the harm.

If you find that both cigarette smoking and asbestos exposure proximately caused the lung cancers in Mr. North, Mr. Piorko, or Mr. Pusey, or all of them, then you must apportion the damages for that lung cancer or cancers.

To do this, you must first determine an amount that would fully compensate that plaintiff for his injury. Then you must determine what percentage of that injury was caused by asbestos exposure and what percentage was caused by cigarette smoking. The plaintiff will not be compensated for the percentage you find to be caused by smoking.

■■ Delaware's modified comparative negligence statute requires a jury to apportion damages between the parties in terms of percentages of negligence. *Culver v. Bennett,* 588 A.2d at 1098. Consequently, the apportionment of damages between multiple defendants, or the plaintiffs and the defendants, is a separate consideration to be examined by the jury *only after negligence and proximate causation have been established. Id.* The damages the jury awarded to a plaintiff should not have been reduced without a predicate finding that a decedent's contributory negligence was a 50% or less proximate cause of the lung cancer. *Id.*

### Special Interrogatories

■■ The Superior Court properly concluded that the jury should be given special

interrogatories to answer for each case. The record reflects that the special interrogatories were consistent with the erroneous instructions to the jury regarding damage reduction and omitted any consideration of contributory negligence. Consequently, the special interrogatories did not conform to the evidence and were not arranged in a sequence which comported with Delaware's comparative negligence statute.

The jury should have first been asked if OCF was negligent. The jury should have then been asked if OCF's negligence was a proximate cause of each decedent's lung cancer. If the jury answered either the first or second question in the negative, it should have been directed to stop its deliberations after that particular answer.

If the first and second questions were answered affirmatively, the jury should have then determined if the negligence of any "others" was a proximate cause of the lung cancer. The jury should have been asked if one or more of the settling defendants was negligent and, if yes, was that negligence also a proximate cause of each decedent's lung cancer. If the jury answered both questions in the affirmative, as to any settling defendant, that settling defendant would become a settling tortfeasor. *See Medical Center of Delaware, Inc. v. Mullins,* Del.Supr., 637 A.2d 6 (1994). The jury should have been asked next if a decedent's cigarette smoking was negligence and, if answered affirmatively, whether that contributory negligence was also a proximate cause of the lung cancer.

If the questions regarding the negligence of OCF, one or more of the settling defendants', and/or a decedent's cigarette smoking were answered in the affirmative, the jury should have been asked to assign a percentage to the negligence of OCF, the negligence of any settling tortfeasors, and to each decedent's negligence. The total percentages of negligence attributed by the jury to a decedent when added to the *combined* negligence of OCF and all settling tortfeasors must equal 100%. If the percentage of negligence attributed to a decedent was 51% or higher, the jury should have been told to stop its deliberations.

The jury should have been asked to determine damages only if the percentage of negligence attributed to a decedent was less than 51%. Those damage awards should be made without regard to a decedent's percentage of negligence. The actual award of damages, however, would be "diminished in proportion to the amount of negligence, if any, attributed to the [decedent] plaintiff," when the Superior Court entered judgment. 10 *Del.C.* § 8132.

The importance of arranging the sequence of the special interrogatories is illustrated in these proceedings. The jury was never asked to determine whether any decedent's cigarette smoking constituted contributory negligence. The jury was asked and found, however, that cigarette smoking was a 70% proximate cause of Mr. North's lung cancer, a 50% proximate cause of Mr. Piorko's lung cancer and a 45% proximate cause of Mr. Pusey's lung cancer. If the jury had concluded that Mr. North was 70% contributorily negligent by cigarette smoking, *any* recovery would have been barred and the issue of damages would have never been reached. Conversely, if the jury had concluded that none of the decedents had been contributorily negligent, the damages awarded would not be reduced.

### Jury Instructions
### Standard of Review

 The issue of proximate cause is ordinarily a question of fact to be submitted to the jury. It is necessary for the trial judge to instruct the jury properly upon that concept. *Culver v. Bennett,* 588 A.2d at 1098; *Boyd v. Hammond,* Del.Supr., 187 A.2d 413, 416 (1963). The judgment in the trial court must be reversed if deficiencies in the instructions given by the trial judge undermined the jury's ability to perform its duty intelligently in returning a verdict. *Culver v. Bennett,* 588 A.2d at 1098.

The Delaware comparative negligence statute states unambiguously that the plaintiffs' damages are to be diminished by the plaintiffs' negligence. 10 *Del.C.* § 8132. In this case, the Superior Court erroneously refused to instruct the jury on the issue of the plain-

tiffs' contributory negligence but, nevertheless, reduced the plaintiffs' damages by the percentage of causation the jury attributed to each decedent's cigarette smoking. This constituted legal error. *Id.; Culver v. Bennett,* Del.Supr., 588 A.2d 1094 (1991). The judgments of the Superior Court must, therefore, be reversed.

### Other Issues on Appeal

Since this matter will be tried again, this Court will comment only briefly on several other issues that have been raised in these appeals and cross-appeals. First, plaintiffs seek to set aside the jury's apportionment of fault to the settling defendants. However, the record supports the submission of OCF's cross-claims against the other manufacturers and distributors of ACPs to the jury. *Money v. Manville Corp. Asbestos Disease Compensation Trust Fund,* Del. Supr., 596 A.2d 1372 (1991). Second, OCF challenges the magnitude of the jury's awards for certain marital and household services. This Court concludes that even when non-economic damages are at issue, it would assist the trier of fact to have the benefit of life expectancy tables. *See D'Angelo v. United States,* 456 F.Supp. 127 (D.Del.1978), *aff'd,* 605 F.2d 1194 (3d Cir. 1979). Third, with regard to the plaintiffs' and OCF's appeals concerning the punitive damages award, this Court concludes that the issue of punitive damages was properly submitted to the jury. *See Jardel Co., Inc. v. Hughes,* Del.Supr., 523 A.2d 518 (1987). The propriety of the Superior Court's subsequent action in setting aside the punitive damage award is now moot.

### Conclusion

The manner in which the Superior Court submitted this case to the jury by way of instructions and special interrogatories constituted reversible error. *Duphily v. Delaware Elec. Co-op., Inc.,* Del.Supr., 662 A.2d 821 (1995). The judgments of the Superior Court are REVERSED. This matter is remanded for a new trial.