# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STEPHEN SMENTKOWSKI,                    )
                                        )
    Plaintiff,       )
                                        )
    v.               )        C.A. No. CPU4-14-002686
                                        )
GERMAN AGUILERA,                        )
                                        )
    Defendant.       )
                                        )

Submitted: May 5, 2015
Decided: June 5, 2015

Irina Luzhatsky, Esquire
Law Office of A. Dale Bowers, P.A.
242 N. James Street, Suite 100
Newport, DE 19804
   *Attorney for Plaintiff*

Anthony Forcina, Esquire
Allstate Insurance Co. Staff Counsel
220 Continental Drive, Suite 205
Wilmington, DE 19713-4312
   *Attorney for Defendant*

## DECISION AFTER TRIAL

**RENNIE, J.**

This is a negligence action arising out of a motor vehicle accident. Plaintiff Stephen Smentkowski ("Plaintiff") seeks damages totaling $2,278.95, stemming from an automobile collision with German Aguilera ("Defendant"). Trial took place on May 5, 2015, and at the conclusion of trial, the Court reserved decision. This is the Court's decision after trial.

## FACTS

Plaintiff and Defendant were the only witnesses to testify at trial. Plaintiff testified that on March 5, 2014, he was traveling to the Speedy Mart located at the intersection of S. Broom Street and Maryland Avenue in Wilmington, Delaware. Initially, Plaintiff drove on S. Rodney Street and turned left into the parking lot of what is now Little Casesar's Pizza, which is between S. Rodney Street and S. Broom Street.[1] Plaintiff eventually exited the parking lot on the S. Broom Street side. Plaintiff testified that he looked both ways, saw that no cars were approaching, and drove straight across S. Broom Street so that he could enter the Speedy Mart. However, once he crossed over the double-yellow line, Plaintiff realized that he could not immediately enter the Speedy Mart parking lot because other cars were leaving the lot.[2] As a result, Plaintiff was stopped for approximately ten seconds in the middle of the road when Defendant turned onto S. Broom Street from Maryland Avenue and collided with Plaintiff. Defendant's vehicle struck the passenger's side of Plaintiff's vehicle, damaging the front passenger door, side mirror, and glove box.[3] The parties reported the incident to the police, and Defendant received a citation for inattentive driving pursuant to 21 *Del. C.* § 4176(b). Plaintiff

---

[1] At the time of the incident, a "mini-mart" occupied that lot. Plaintiff testified that he briefly met with someone at this mini-mart before venturing to the Speedy Mart.

[2] On Plaintiff's Exhibit 1, which is a photograph of an aerial view of the intersection in question, Plaintiff marked the direction in which he was traveling, and indicated that he had stopped on S. Broom Street after he crossed the double-yellow lines. Plaintiff's car was completely blocking the lane of travel for cars turning onto S. Broom Street from the intersection.

[3] *See Pl. Ex. 2, 3.* The total damage to the car amounted to $2,278.95.

2

testified that when the police officer was questioning the parties, Defendant stated that he was not paying attention when his vehicle hit Plaintiff's vehicle.

Defendant's testimony differs from Plaintiff's testimony. Defendant does not dispute that he collided with Plaintiff's vehicle after turning onto S. Broom Street. However, Defendant testified that when he first saw Plaintiff's vehicle, Defendant was turning onto S. Broom Street, traveling in the left turning lane closest to the double yellow line.[4] Defendant testified that Plaintiff was driving across S. Broom Street, and had "pulled out, right in front" of Defendant. Defendant applied his breaks, but only had about three or four seconds to stop, and did not have time to avoid Plaintiff. Defendant testified that, initially, he did not see Plaintiff because there were at least two cars stopped and waiting to turn off of S. Broom Street. Defendant stated that he paid the citation fee for inattentive driving because he was receiving letters indicating that if he did not pay the fee, he would lose his license. Defendant also testified that he did not tell the police officer that he was not paying attention when the collision occurred.

## DISCUSSION

In order to prevail on a claim for negligence, Plaintiff must establish by a preponderance of the evidence that Defendant owed Plaintiff a duty of care; that Defendant breached that duty of care, and; that Defendant's breach of his duty proximately caused damages to Plaintiff.[5] Under Title 21 of the Delaware Code, all motorists must give their full attention to the operation of their vehicle with due regard for traffic conditions,[6] including potential hazards in the

---

[4] On Defendant's Exhibit 2, which is a photograph of the S. Broom Street and Maryland Avenue intersection, Defendant marked the direction in which he was traveling.

[5] *Anctil v. McGrath*, 2012 WL 4789688, at *4 (Del. Com. Pl. July 31, 2012) (*citing New Haverford P'Ship v. Stroot*, 77 A.2d 792, 798 (Del. 2001)).

[6] 21 *Del. C.* § 4176.

3

roadway,[7] and maintain a proper lookout.[8] A violation of a statute enacted for the safety of others, which undoubtedly includes motor vehicle statutes, constitutes negligence *per se*.[9] Moreover, "the payment of [a traffic citation] is the entry of a guilty plea by Defendant" that constitutes evidence of negligence.[10] However, the entry of a guilty plea "does not cement a finding of liability" because the fact-finder "still must determine what weight to attach [to] the guilty plea."[11] Therefore, even when a motorist is found to be negligent for violating a motor vehicle statute, "it remains the duty of the jury to determine if there is proximate cause and if the complaining party [is] in any way negligent before apportioning liability."[12]

At trial, Defendant testified that he paid the traffic citation for inattentive driving because he did not know that there were any other remedies available to him. He also indicated that he thought he would lose his license if he did not pay the citation. Therefore, the Court will give due weight to Defendant's guilty plea of inattentive driving. After considering the testimony of the witnesses and weighing their credibility, the Court finds that Defendant was negligent *per se* for violating 21 *Del. C.* § 4176(b), and will consider whether Defendant's inattentiveness proximately caused the accident and Plaintiff's damages.

When determining liability in negligence actions, Delaware courts "hold individuals responsible for reasonably foreseeable events," and apply "the traditional 'but for' definition of

---

[7] 21 *Del. C.* § 4168.

[8] 21 *Del. C.* § 4176.

[9] "It is settled law that violation of a statute enacted for the safety of others constitutes negligence *per se*. The motor vehicle statutes, without doubt, are enacted for the safety of the traveling public." *Wright v. Moore*, 931 A.2d 405, 408 (Del. 2007) (citations omitted).

[10] *Mahani v. Walls*, 2001 WL 1223193, at *1 (Del. Super. Sept. 21, 2001).

[11] *State Farm Mut. Auto. Ins. Co. v. Jason E. Destafney*, 1998 WL 1557438, at *4 (Del. Com. Pl. Sept. 29, 1998) (*citing Kahler v. Purdy*, 1993 WL 189468 (Del. Super. 1993)).

[12] *Id.*

4

proximate cause."[13] Proximate cause "is that direct cause without which an accident would not have occurred."[14] It is well settled under Delaware law that there may be more than one proximate cause of a plaintiff's injury.[15]

In this action, the testimony of both parties is in conflict, and as the trier of fact, the Court must resolve those conflicts "if reasonably possible[,] so as to make one harmonious story."[16] After analyzing the evidence adduced at trial, the Court finds that Defendant's version of the accident is more credible and supported by the weight of the evidence. Defendant testified that when he turned onto S. Broom Street from Maryland Avenue, he was traveling in the lane closest to the double-yellow line, and that the collision occurred in that same lane of travel. The pictures of the damage to Plaintiff's car and the estimate of damages, all of which were submitted by Plaintiff, identify the point of impact as the "right front pillar," which is the right front passenger side. The physical evidence aligns with Defendant's explanation of how the collision occurred.[17] Further, Defendant's testimony that he did not see Plaintiff dart out in front of him because there were cars stopped and waiting to turn off of S. Broom Street comports with Plaintiff's testimony that he was unable to reverse because there were cars stopped behind him after he had entered the roadway.

---

[13] *Hudson v. Old Guard Ins. Co.*, 3 A.3d 246, 250 (Del. 2010) (citations omitted).

[14] *Duphily v. Delaware Elec. Co-op., Inc.*, 662 A.2d 821, 829 (Del. 1995) (quoting Chudnofsky v. Edwards, 208 A.2d 516, 518 (Del. 1965)).

[15] *See Saddler v. Nanticoke Mem'l Hosp.*, 2012 WL 6846550, at *4 (Del. Super. Dec. 24, 2012); *Duphily v. Delaware Elec. Co-op., Inc.*, 662 A.2d 821, 829 (Del. 1995); *Culver v. Bennett*, 588 A.2d 1094, 1097 (Del. 1991); *McKeon v. Goldstein*, 164 A.2d 260, 262 (Del. 1960).

[16] *Nat'l Grange Mut. Ins. Co. v. Nelson F. Davis, Jr., et. al.*, 2000 WL 33275030, at *4 (Del. Com. Pl. Feb. 9, 2000).

[17] On direct examination, Defendant testified that "When I first saw him, he was moving." Moreover, on Defendant's Exhibit 2, Defendant marked the direction in which he was traveling, and placed an "X" to mark where the collision occurred.

After considering this evidence, the Court finds that there was more than one proximate cause of the accident. The first proximate cause was Defendant's inattentive driving. Had Defendant been attentive while driving, then he could have applied his brakes sooner than he did, and would have been able to avoid Plaintiff.[18] Thus, Defendant's inattentiveness was a proximate cause of the accident. In addition, Plaintiff's action in darting out across a double-lined roadway, with the view of oncoming traffic blocked by stopped vehicles, constitutes negligent driving. Plaintiff created an unavoidable, hazardous situation by attempting to pursue a "shortcut." Therefore, Plaintiff's driving was also a proximate cause of the accident. Because the Court finds that there was more than one proximate cause of the accident, it must apportion liability.

Defendant raised the affirmative defense of comparative negligence in both his Answer and at trial. Under Delaware's comparative negligence statute, "a plaintiff cannot recover if he acted more negligently than the defendant."[19] "[I]f the plaintiff's contributory negligence is 51% or greater, it is an absolute bar to recovery."[20] However, "if the plaintiff's contributory negligence is 50% or less, the plaintiff is permitted to recover, although the recovery is reduced proportionately."[21]

---

[18] Defendant testified that when he saw Plaintiff, he had approximately three to four seconds to stop. Given the nature of the accident, three or four seconds would be a sufficient amount of time for Defendant to apply his brakes and come to a stop, had he been paying careful attention.

[19] *Baker v. E. Coast Properties, Inc.*, 2011 WL 5622443, at *4 (Del. Super. Nov. 15, 2011) (*citing* 10 *Del. C.* § 8132)). Specifically, 10 *Del. C.* § 8132 provides that "in all actions brought to recover damages for negligence which results in . . . injury to property, the fact that the plaintiff may have been contributorily negligent shall not bar recovery by the plaintiff where such negligence was not greater than the negligence of the defendant."

[20] *Culver*, 588 A.2d at 1098.

[21] *Id.*

6

After considering the evidence presented at trial, the Court finds that Plaintiff was 50% negligent in causing the collision with Defendant. Therefore, Plaintiff may only recover 50% of his total amount of damages, which amounts to $1,139.48.

## CONCLUSION

For the foregoing reasons, the Court finds Defendant German Aguilera liable for $1,139.48 of Plaintiff Stephen Smentkowski's damages, plus post-judgment interest at the legal rate. Both parties shall bear their own costs.

**IT IS SO ORDERED.**

Sheldon K. Rennie,
Judge