# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DAVID HALLIDAY, II, et al.   )
   )
     Plaintiffs,   )
   )
     v.   )     C.A. No. N14C-11-061 ALR
   )
CHRISTIANA HOSPITAL, et al.   )
   )
     Defendants.   )

## ORDER

### *Upon Consideration of Defendants' Motion for Summary Judgment*
### GRANTED

Upon consideration of the motion for summary judgment filed by Defendants Ann Masciantonio, M.D., and Pediatric Associates, P.A. (collectively "Defendants");[1] the facts, arguments and legal authorities set forth by all parties; decisional precedent; and the record of this case, the Court finds as follows:

1.    On November 6, 2014, Plaintiffs David Halliday, II and Michelle Halliday (collectively "Plaintiffs") commenced this medical negligence action, alleging that Defendants were negligent in their treatment of Michelle Halliday during her labor and delivery on November 6, 2012 and the subsequent care of her infant son, David Halliday, III on November 6, 2012 and November 7, 2012. Plaintiffs specifically allege that Defendants failed to timely identify and treat an

---

[1] The remaining Defendants do not join in this motion.

underlying infectious process in David Halliday, III leading to early onset sepsis and death.

2. On March 28, 2016, Defendants filed the instant motion for summary judgment. Plaintiffs were given until April 14, 2016 to file a written response to this motion. To date, Plaintiffs have not filed a response. The Court conducted a hearing on April 19, 2016 with notice to Plaintiffs who did not appear.

3. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[3] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[4]

4. It is well-established that, to succeed on a claim of negligence, a plaintiff must demonstrate: (1) the defendant had a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused plaintiff's

---

[2] Super. Ct. Civ. R. 56.
[3] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[4] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

damages or injury.[5] "Proximate cause exists if a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred."[6]

5.    Ann Masciantonio, M.D. (and vicariously Pediatric Associates, P.A.), first saw David Halliday, III on the morning of November 7, 2012. It is undisputed that Dr. Masciantonio was neither contacted nor had any knowledge of David Halliday, III before the morning of November 7, 2012.

6.    The only individual identified to give standard of care opinions against Dr. Masciantonio, as well as causation opinions against all of the Defendants in this case, is Elizabeth Dougherty, M.D.

7.    At the time of Dr. Dougherty's deposition, Plaintiffs' counsel[7] indicated that, assuming Defendant Christian Hospital could produce affidavits indicating that Dr. Masciantonio was not informed about David Halliday, III before November 7, 2012, Plaintiffs would dismiss Defendants from this litigation. This

---

[5] *Roberts v. Delmarva Power & Light Co.*, 2 A.3d 131, 136 (Del. Super. 2009); *see also Roman Oil Co. v. Bibbs*, 2013 WL 1143630, at *5 (Del. Super. Mar. 14, 2013).

[6] *Wilmington Country Club v. Cowee*, 747 A.2d 1087, 1097 (Del. 2000); *see also Culver v. Bennett*, 588 A.2d 1094, 1097 (Del. 1991) ("The defendant's conduct is a cause of the event if the event would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the event, if the event would have occurred without it.").

[7] On February 23, 2016, the Court heard Michael Farnan, Esq.'s motion to withdraw as counsel for Plaintiffs. Plaintiffs had notice to appear, but failed to do so. The motion was granted on the same date. To date, new counsel for Plaintiffs has not entered an appearance.

conversation was referenced in Plaintiffs' motion to extend the discovery deadline and referenced on the record and agreed to by Plaintiffs' counsel at oral argument on February 23, 2016. This statement is a binding judicial admission.[8]

8.     Moreover, Dr. Dougherty was deposed on December 3, 2015 and testified that even if Dr. Masciantonio had complied with the standard of care, it would have been "too late" to save the life of David Halliday, III. Although Dr. Dougherty—the only causation expert in this matter—believed that Dr. Masciantonio deviated from the standard of care, Dr. Dougherty opined that it would not have made any difference if the standard of care had been met at that point. As a result, there is no genuine issue of material fact that Plaintiffs cannot establish Defendants were a proximate cause of Plaintiffs' injury nor can Plaintiffs establish the existence of any viable claims against Defendants, and Defendants are entitled to judgment as a matter of law.[9]

## Conclusion

**NOW, THEREFORE, this 20th day of April, 2016, the Motion for Summary Judgment is hereby GRANTED, and JUDGMENT is entered in**

---

[8] *See Merritt v. UPS,* 956 A.2d 1196, 1201-02 (Del. 2008).
[9] *See e.g.*, *Culver*, 588 A.2d at 1097 (plaintiff cannot recover for alleged negligence if negligence was not "but for" or proximate cause of injury).

4

favor of Defendants Ann Masciantonio, M.D., and Pediatric Associates, P.A., and against Plaintiffs David Halliday, II, and Michelle Halliday.

**IT IS SO ORDERED**.

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**