# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOHN NAVARETTA, individually
and as Personal Representative of the
ESTATE OF SABRINA
NAVARETTA, MARA
NAVARETTA,

       Plaintiffs,

       v.

BRITNEY DUONG, PHI SIGMA
SIGMA, INC., DAVID SULLIVAN
and UNIVERSITY OF DELAWARE,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N24C-01-024 DJB

Submitted: August 28, 2024
Decided:  August 29, 2024

*Memorandum Opinion On Defendant
University of Delaware's Motion to Dismiss – **DENIED***

*Decision on University of Delaware's Motion to Stay Discovery and Motion for
Protection Order – **DENIED AS MOOT***

*Gary S. Nitsche, P.A.*, *James Gaspero, Jr., Esquire*, Nitsche & Fredricks, LLC, Wilmington, Delaware, Counsel for Plaintiffs

*James D. Taylor, Jr., Esquire*, *Marisa R. De Feo, Esquire*, *Jessica M. Jones, Esquire, Juliana G. Clifton, Esquire*, Saul Ewing LLP, Wilmington, Delaware, Counsel for the University of Delaware

**BRENNAN, J.**

This civil action arises from a motor vehicle collision in which Sabrina Navaretta ("Navaretta"), a University of Delaware ("University") student, was killed while driving home from a University sponsored Greek life event called "Airband." Navaretta was a member of the Phi Sigma Sigma, Inc. ("Phi Sigma Sigma") sorority at the University. While a passenger in a vehicle driven by Defendant Britney Duong ("Duong"), the two were struck by a vehicle driven by Defendant David Sullivan ("Sullivan"). This collision occurred at the intersection of Library Avenue and Wyoming Road in Newark, Delaware. Tragically, Navaretta passed away from her injuries she suffered in the crash.[1]

## I.    BACKGROUND

Plaintiffs brought suit alleging Wrongful Death against Duong for the negligent operation of her motor vehicle,[2] Phi Sigma Sigma under the doctrine of *Respondeat Superior*,[3] Sullivan for the negligent operation of his motor vehicle,[4] and the University for negligence in that they failed to "provide safe transportation to and from the Airband event."[5] Plaintiffs complaint includes a claim against all

---

[1] *Navaretta v. Duong, et al.*, N24C-01-024 DJB, D.I. 1, ¶¶12-16. For purposes of a Motion to Dismiss, the Court assumes all well pled allegations are true. *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings, LLC*, 27 A.3d 531, 535 (Del. 2011).

[2] *Id.* at ¶ 21.

[3] *Id.* at ¶¶ 22, 23.

[4] *Id.* at ¶ 24.

[5] *Id.* at ¶¶ 19, 25.

defendants for willful and wanton misconduct.[6] In lieu of an Answer, both Phi Sigma Sigma[7] and the University[8] filed a Motion to Dismiss. Plaintiffs opposed each motion.[9]

Prior to argument on these motions, Plaintiffs and Phi Sigma Sigma reached an agreement and that motion was withdrawn.[10] Following argument, a Stipulation of Dismissal was filed for then-Plaintiffs Nicolle Navaretta and Andrew Navaretta, siblings of Sabrina, regarding their respective mental anguish claims against all defendants.[11] Following argument, the University filed a Motion to Stay Discovery and a Motion for Protective Order requesting relief from entertaining the deposition of Duong pending the decision on its Motion to Dismiss.[12] For the reasons that follow, the University's Motion to Dismiss is **DENIED**, thus necessitating that the Motion to Stay and the Motion for Protective Orders are **DENIED as MOOT**.

---

[6] *Id*. at ¶¶ 33-35. Plaintiffs have a pending Motion to Amend the Complaint seeking to add the parents of Defendant Sullivan, a minor, to the claim for negligent entrustment of a motor vehicle. D.I. 43. This motion was filed post-argument on the instant matter and is scheduled to be heard in October per the parties agreement. D.I. 48.

[7] D.I. 15.

[8] D.I. 23.

[9] D.I. 21, 33.

[10] D.I. 38.

[11] D.I. 39.

[12] D.I. 57, 68.

## II. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the Court "must determine whether the claimant 'may recover under any reasonably conceivable set of circumstances susceptible of proof.'"[13] It must also accept all well-pleaded allegations as true and draw every reasonable factual inference in favor of the non-moving party.[14] Even vague allegations must be accepted, if they give the opposing party notice of the claim.[15] The "reasonable conceivability" standard asks whether there is a "possibility" of recovery.[16] The Court need not give weight to conclusory allegations of fact or law.[17] At this preliminary stage, dismissal will be granted only when the claimant would not be entitled to relief under "any set of facts that could be proven to support the claims asserted" in the pleading.[18]

---

[13] *Sun Life Assurance Co. of Can. v. Wilmington Tr., Nat'l Ass'n*, 2018 WL 3805740, *1 (Del. Super. Ct. Aug. 9, 2018) (quoting *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978)).

[14] *Id.*

[15] *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings, LLC*, 27 A.3d at 536; *Doe v. Cedars Academy*, 2010 WL 5825353, at *3 (Del. Super. Oct. 27, 2010).

[16] *Sustainable Energy Generation Grp., LLC v. Photon Energy Projects B.V.*, 2014 WL 2433096, at *12 (Del. Ch. May 30, 2014).

[17] *Cantatore v. Univ. of Delaware*, 2021 WL 2745107, at *2 (Del. Super. June 30, 2021).

[18] *See Furnari v. Wallpang, Inc.*, 2014 WL 1678419, at *3–4 (Del. Super. Apr. 16, 2014) (quoting *Clinton v. Enter. Rent–A–Car Co.*, 977 A.2d 892, 895 (Del. July 29, 2009)).

## III. ANALYSIS

The University's argument centers upon the claim that Plaintiffs cannot recover under the derivative Wrongful Death Statute and the Survival Act statute unless they can prove negligence.[19] The University posits Plaintiffs are unable to make a showing that it neither owed Navaretta "an applicable duty and did not proximately cause her injuries,"[20] therefore there is no reasonably conceivable set of circumstances for which Plaintiffs can recover and the claims against it should be dismissed.

Plaintiffs argue in opposition that the University's motion "obstructs the discovery process."[21] They continue that they are "entitled to investigate the facts and theories of liability during discovery."[22] Plaintiffs also argue that both prior decisional case law and the Restatement (Second) of Torts, § 323 supports their position regarding the duty the University owed to Navaretta.[23]

---

[19] D.I. 21, ¶23.
[20] *Id.* at ¶ 9.
[21] D.I. 33.
[22] D.I. 33, ¶12.
[23] Restatement § 323 provides as follows:
>  One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>  (a) his failure to exercise such care increases the risk of such harm, or
>  (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (1965).

To pursue a negligence claim, a plaintiff must establish that a defendant owed plaintiff a duty of care, the duty was breached by the defendant, and the breach was the proximate cause of the plaintiff's injury.[24] Whether said duty exists is a question of law for the trial judge to determine.[25] If the trial judge finds the defendant owed no duty of care to the plaintiff, the defendant is entitled to judgment as a matter of law.[26] Under Delaware law, there is no affirmative duty to aid or protect a plaintiff unless the defendant and the plaintiff share a special relationship.[27]

In certain circumstances, a duty of care can be borne from a special relationship existing between a student and a university.[28] Here, however, the record is currently devoid of any special relationship existing between the University and Navaretta for this circumstance. Navaretta's status as a University student alone does not create a special relationship.[29] The current record establishes that Navaretta was a passenger in a privately owned, non-University vehicle, traveling on public, non-University following a University sanctioned event.[30] The fact that Navaretta

---

[24] *Pipher v. Parsell*, 930 A.2d 890, 892 (Del. 2007).
[25] *Culver v. Bennett*, 588 A.2d 1094, 1098 (Del. 1991).
[26] *Id.*
[27] *Murray v. Mason*, 244 A.3d 187, 195 (Del. Super. Jan. 5, 2021).
[28] *Furek v. University of Delaware*, 594 A.2d 506, 519 (Del. 1991); *see also Connolly v. Theta Chi Faternity, Inc.*, 2018 WL 1137587, at *8 (Del. Super. Feb. 28, 2018).
[29] *Furek v. Univ. of Delaware*, 594 A.2d at 519-520.
[30] D.I. 1.

was coming from a University sanctioned event alone does not establish a duty of care owed to Navaretta by the University.

As the record currently stands, § 323 of the Restatement does not advance Plaintiffs' position. This section "addresses the duty owed by one who assumes direct responsibility for the safety of another through the rendering of services in the area of protection."[31] "Section 323 addresses only the duty of care to a person physically on the property of the entity owing the duty."[32]

Plaintiffs' most compelling argument in opposition to this motion is that public policy in this State favors resolution of cases on their merits, and it follows that an opportunity for discovery should be given prior to a dismissal of any claims.[33] The Complaint alleges: "Upon information and belief, Defendant, University of Delaware, delegated the responsibility of transportation of attendees to third-parties, including Defendant Phi Sigma Sigma, Inc."[34] In recognition of the standard of review, accepting all well-pled allegations in the Complaint as true here, there is a sufficient basis to allow discovery to proceed on the issue of whether the University owed a duty of care to Navaretta.

---

[31] *Furek v. Univ. of Delaware*, 594 A.2d 506 (Del. 1991).
[32] *Buford v. Ligon*, 2021 WL 5630048, at *7 (Del. Super. Nov. 30, 2021).
[33] D.I. 33, ¶¶ 9, 12; *see also Biggins v. Igwe*, 2022 WL 2204823, at *1 (Del. Super. Ct. Jun. 16, 2022).
[34] D.I. 1, ¶¶ 18.

While, as noted, the record is currently devoid of facts supporting the allegation the University owed Navaretta a duty of care in this scenario, a period of discovery will be afforded to Plaintiffs in accordance with the public policy of this State. At this juncture, despite the University's compelling basis to move for dismissal at this time, given the standard of review under Rule 12(b)(6), this matter will be ripe for adjudication following the discovery process and upon a motion for summary judgment.

IT IS SO ORDERED this 29th day of August, 2024.


_____
The Honorable Danielle J. Brennan