Russell Dean STAFFORD, Plaintiff
Below, Appellant,

v.

SEARS, ROEBUCK & COMPANY, and
the White Metal Rolling and Stamping
Corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted June 22, 1979.

Decided Sept. 21, 1979 (Opinion
withdrawn).

Resubmitted Dec. 12, 1979.

Decided April 2, 1980.

B. Wilson Redfearn and Colin M. Shalk of Tybout, Redfearn, Casarino & Pell, Wilmington, for appellant.

Robert Aulgur, Jr. and John C. Laager of Wilson & Whittington, P. A., Wilmington, for appellees.

Before McNEILLY, QUILLEN and HORSEY, JJ.

HORSEY, Justice:

Plaintiff, Russell Dean Stafford, appeals an adverse personal injury verdict in a product liability case brought against White Metal Rolling and Stamping Corporation, manufacturer, and Sears, Roebuck & Company, seller of an aluminum stepladder which Stafford claims to have been defective and to have caused him injury. The basis of the appeal is alleged prejudicial error by the Trial Court in admitting testimony of two expert witnesses for White which was at variance with White's pre-trial discovery responses.

Plaintiff's first ground for reversal, which we find dispositive of the appeal,[1] is that the Trial Court should not have permitted White's Chief Engineer, Vice President and Plant Manager, Earl Records, to give expert testimony, over objection, as to the design, construction and safety code compliance of its ladder after White, in pre-trial discovery, had: described Records as a "worker" in White's Warsaw, Indiana plant; twice listed Records as a non-testifying expert; and not responded before trial to plaintiff's interrogatories seeking the subject matter of Records' expert testimony.

White's defense is three-fold: (1) that Records was called to testify as a "fact" and not an expert witness; (2) that White had informed plaintiff six months before trial in an exchange of letters between counsel that Records would testify[2] which information, coupled with a pre-trial stipulation listing Cox as White's only testifying expert, was sufficient to put plaintiff on notice that Records would testify as a *fact* witness; and (3) that listing Records as a non-testifing expert did not prevent plaintiff from deposing him because of the employee-expert exception to the rule barring discovery of the testimony of a non-testifying expert.

Thus, White says there is no merit to plaintiff's contention that plaintiff was "surprised" by Records' testimony or that Records was "shielded" from pre-trial discovery. However, White concedes that if Records' trial testimony amounted to expert testimony, as plaintiff contends, White's failure to respond before trial to plaintiff's interrogatories as to the subject matter of his expert knowledge would bar his testimony.

---

1. Plaintiff's second ground for reversal related to whether the scope of the testimony of White's other expert witness, Edmond Cox, exceeded the subject matter of his report which had been furnished plaintiff before trial.

2. White's second contention and its supporting facts were not brought to this Court's attention until White filed a motion for reargument and

motion to enlarge the record on appeal following the issuance of our opinion in this appeal on September 21, 1979. Both motions were granted, in the interest of justice; and the appeal was thereafter re-briefed and reargued on December 12, 1979. On the basis of the enlarged record, this Court withdraws its earlier opinion in this action.

While we find that White did not shield Records from discovery, we think that plaintiff can justifiably claim "surprise" as to Records' identity and the subject matter of his testimony; and we find that it amounted to expert testimony. Therefore, we conclude that the Trial Court committed reversible error in permitting Records to testify over objection.

### I

After originally suing only Sears as the seller of the ladder, plaintiff later joined White as an additional defendant on discovery that the ladder had been manufactured by White. Plaintiff then put a set of interrogatories to White as to the identity of all witnesses, fact and expert. General information was requested as to the knowledge of fact witnesses and more precise information as to the subject matter testimony of any expert witness.

Plaintiff's *initial* set of interrogatories and White's *initial* answers thereto as to fact and expert witnesses having relevant knowledge of the subject matter of the claims and the defenses of the several parties were as follows:

| Plaintiff's Interrogatory | White's Answer |
| --- | --- |
| Interrogatory # 1. Give the names and last known addresses of all persons who were present at the scene of the accident when the accident occurred noting specifically those who were eye witnesses. | Answer # 1. Defendant has no knowledge. |
| Interrogatory # 2. Give the names and last known addresses of all persons who were present at the scene of the accident within ten minutes after it occurred. | Answer # 2. Defendant has no knowledge. |
| Interrogatory # 3. Give the names and last known addresses of all persons other than those listed in the answer to interrogatories 1 and 2 who have knowledge of the facts concerning how the accident occurred. | Answer # 3. Defendant has no knowledge. |
| Interrogatory # 4. Give the names and last known addresses of all other persons who have knowledge of the facts alleged in the pleadings other than those persons given in the answers to interrogatories 1, 2 and 3. | Answer # 4. George Lamberg, 80 Moultrie Street, Brooklyn, New York 11222. |
| * * * * | * * * * |
| Interrogatory # 9. State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and, as to each, state: | Answer # 9. (1) Earl Records, employee of White Metal Rolling & Stamping Corp. |
| (a) The dates of initial employment. | (a) Not hired for litigation. |
| (b) The date or dates of any reports, letters or other writings prepared by such person, a brief description of such writing (as two page letter, three page report, etc.), and the names and addresses of persons having copies of them; | (b) No reports. |
| (c) Whether such expert also rendered any service, in connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial (as, for in- | (c) Worker at Warsaw, Indiana plant of White Metal Rolling & Stamping Corp. |

Plaintiff's Interrogatory

stance, giving medical attention required by the accident, designing machinery involved in the accident, etc.)

Interrogatory # 10. With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:

(a) The subject matter on which the expert is expected to testify;

(b) The substance of the facts and opinions to which the expert is expected to testify;

(c) A summary of the grounds for each such opinion.

White's Answer

(2) Edwin Cox, 2209 Broad Street, Richmond, Virginia 23223.

(a) January 3, 1977.

(b) None received.

(c) No.

Answer # 10. Not presently available since examination of ladder not yet made.

---

Several months later, plaintiff's attorney filed a motion under Rule 37 to compel White to respond to Interrogatories # 9 and # 10, stating that plaintiff's Interrogatories had not been "fully and responsively answered" by White. The motion apparently not being opposed, an Order was entered thereon and thereafter White filed Supplemental Answers to plaintiff's Interrogatories # 9 and # 10, as follows:

Plaintiff's Interrogatory

Interrogatory # 9. State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and, as to each state:

(a) The dates of initial employment.

(b) The date or dates of any reports, letters or other writings prepared by such person, a brief description of such writing (as two page letter, three page report, etc.), and the names and addresses of persons having copies of them;

(c) Whether such expert also rendered any service, in connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial (as, for instance, giving medical attention required by the accident, designing machinery involved in the accident, etc.).

White's Supplemental Answer[3]

Answer # 9. (1) Earl Records, employee of White Metal Rolling & Stamping Corp.

(a) Not hired for litigation.

(b) No reports.

(c) Worker at Warsaw, Indiana plant of White Metal Rolling & Stamping Corp.

(2) Edwin Cox, 2209 Broad Street, Richmond, Virginia 23223, will testify at trial.

(a) January 3, 1977.

| Plaintiff's Interrogatory | White's Supplemental Answer [3] |
|---|---|
| | (b) <u>Report of 32 pages, a copy of which is attached hereto. Copies are in possession of counsel for defendants and Mr. Cox.</u> |
| | (c) *No.* |
| Interrogatory # 10. With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and as to each expert named, state: | Answer # 10. <u>Edwin Cox, 2209 Broad Street, Richmond, Virginia 23223.</u> |
| (a) The subject matter on which the expert is expected to testify; | (a) <u>The nature of the accident and his examination of the accident scene and ladder. His conclusions as to the cause of the accident and his opinions as to plaintiff's theory of the accident.</u> |
| (b) The substance of the facts and opinions to which the expert is expected to testify; | (b) <u>See report attached hereto.</u> |
| (c) A summary of the grounds for each such opinion. | (c) <u>See report attached hereto.</u> |

[3] Underlining indicates a different response from response to initial set of Interrogatories.

---

Later, in preparation for trial that was then scheduled within a few weeks, White informed plaintiff by letter as follows:

"At the present time, it looks like we will call Mr. Killman, Mr. and Mrs. Seiss, Mr. Townley, Mr. Cox and Mr. Record." (sic)

Plaintiff responded, in part:

"I am renoticing Mrs. Seiss and Mr. Records' deposition and noticing Rand Townley's." [4]

About the same time, the parties also filed a pre-trial stipulation in which White stated that it expected to call six (unnamed) witnesses and Edwin Cox, as an expert. Trial did not take place as scheduled and not for another six months; plaintiff did not notice Records for his deposition; and White did not supplement or amend its previous responses to plaintiff's interrogatories prior to trial.

## II

As previously alluded to, at trial White called Records as its witness and Records proved to be something other than a "worker" at White's Warsaw, Indiana plant. Under preliminary questioning by counsel, Records identified himself as a Vice President of White. White's Chief Engineer and Plant Manager of its Warsaw plant, with 24 years of experience in manufacturing ladders and the holder of graduate degrees in engineering.[5] After the witness had given detailed and technical testimony as to the manner in which White's aluminum ladder (of the model purchased by plaintiff) was manufactured, and its compliance with applicable standards, plaintiff's counsel ob-

4. As previously stated, this correspondence was the subject of White's motion to enlarge the record and for reargument of this appeal before this Court.

5. While the record does not reflect any objection by plaintiff to Records being called as a witness, plaintiff states having a "specific recollection" of objecting to his testifying for not having been properly identified in White's answers to interrogatories, and the court stating, off the record, that any objection should be made during the witness' testimony as to any specific objection.

jected to further testimony from the witness, stating:

"I think now the questions are calling for evidence of an expert witness and this man has not been identified as such and I object."

—to which White's counsel responded:

".  .  . I think that that is his job, to comply with those standards, and that he can testify as to what he's done to do that, and that he has to understand those standards in order to do that job."

The Trial Judge overruled the objection, Records proceeded to testify at length as to White's ladder, including its compliance with applicable strength tests, the thickness of its members, its capacity to support over 900 pounds of weight, and its 11 or 12 percent excess over required strength. Much of his testimony related to: the design of the "feet" on the ladder; White's reasons for placing "safety" feet on its ladders when other companies did not; the reason for the foot being attached with a rivet rather than being affixed to the ladder; the provision in the "foot" for "articulation" (movement side to side as well as front to back) to compensate for uneven surfaces as well as variations in the angle of the ladder to the ground; the use of a bushing to spread the load and a resulting "shear" load capacity of the rivet of 1100 pounds. In the course thereof, the Court overruled follow-up objections by plaintiff as to the witness' expression of opinions or conclusions. As stated, the jury returned a verdict for defendants.[6]

### III

Before White's enlargement of the record on appeal, plaintiff, relying on White's discovery responses as to Records, argued: (a) that Records was "shielded" from pre-trial discovery by White's technique of listing Records as a non-testifying expert and then calling him as a "fact" witness; (b) that plaintiff had no knowledge before trial that Records would testify and thus was unfairly "surprised"; and (c) that Records gave expert testimony without White having responded before trial to plaintiff's Interrogatory # 10—in violation of plaintiff's right to discovery before trial as to the subject matter of the testimony of a testifying expert witness.

However, as stated, the enlarged record discloses that some six months before the case was ultimately tried, White did inform plaintiff by letter that White expected to call Records as a witness and plaintiff responded by indicating an intention (not carried out) to notice Records for his deposition. White argues from this and from its pre-trial stipulation list of witnesses, referred to above, that plaintiff should have known that Records would be called as a "fact" witness; and thus plaintiff's claims as to both witness shielding and surprise must be rejected.

■ Plaintiff does not continue to press his "shield" argument, that is that White's listing of Records as a non-testifying expert until calling him at trial as a "fact" witness had the effect of shielding him from pre-trial discovery under Superior Court Civil Rule 26(b)(4)(B).[7] By reason of the fact that Records was an employee expert, the prohibition of Rule 26(b)(4)(B) was inapplicable to Records. By its language, the discovery bar of Rule 26(b)(4)(B) is limited to "an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial .  .  .." By implication,

---

**6.** White points out that its evidence presented by other witnesses included testimony that plaintiff's injuries resulted from a fall from the roof of his house rather than from collapse of the ladder.

**7.** Superior Court Civil Rule 26(b)(4)(B) provides as follows:

"A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

the Rule's bar does not extend to discovery of the knowledge of a non-testifying employee expert, and case law so holds. *Clark v. General Motors Corporation*, D.Mass., 20 Fed.Rule Serv.2d 679, 687 (1975) (deposition of expert-employee of defendant may be permitted under Rule 26(b)(4)); *Norfin, Inc. v. International Business Machines Corporation*, D.Colo., 74 F.R.D. 529, 532 (1977). (Rule 26(b)(4) does not apply to expert whose information and knowledge emanates from prior experience and is not developed in anticipation of litigation). At the same time, it cannot be said that White's pre-trial description of its chief employee witness as a worker in its mid-west plant and a non-testifying expert would have suggested the desirability of conducting pre-trial discovery as to his knowledge.

■ And plaintiff still contends: that he was surprised to his prejudice by Records' testimony; that White failed to properly identify Records before trial; and that White's calling him a "fact" witness did not make him any less an expert—which White had acknowledged him to be. Thus, plaintiff maintains it was error for the Trial Court to permit Records to testify as he did without first responding to Interrogatory # 10; and that without such information plaintiff was unable to prepare adequately to cross-examine Records. We agree with plaintiff.

The question is whether White's brief letter statement of intent to call Records put plaintiff on fair notice as to the significance of Records' testimony to the focal point of the litigation, namely, whether White's ladder was defective in design or manufacture and did collapse by reason thereof, as plaintiff maintained. Merely to put the question suggests the answer. White's letter did not cure White's erroneous and misleading identification of Records as a "worker" in its interrogatory responses. We say misleading because we do not think the appellation "worker" is a fair description of a person holding the position of responsibility that Records did in White's organization.

Had White disclosed such information to plaintiff, it is highly unlikely that plaintiff would not have sought further discovery before trial as to Records and the subject matter of his expected testimony. Indeed, that is what Interrogatory # 10 demanded of White as to any expert witness who was expected to testify on its behalf. Once White identified Records as an expert, plaintiff was entitled to rely on that representation and plaintiff's discovery rights under Rule 26(b)(4)(A)(i) [8] on which plaintiff's Interrogatory # 10 was based.

■ If White intended to call Records as a "fact" witness after having listed him as an expert witness and White felt that it could thereby avoid responding to Interrogatory # 10 as to Records, plaintiff was entitled to fair notice of such change of position by White *as well as* a correction in its identification of Records—either as a fact or as an expert witness—from that of "worker" to his true corporate position. Superior Court Civil Rule 26(e) [9] exists for

---

**8.** Rule 26(b)(4)(A)(i) provides in part:

"(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this Rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."

**9.** Rule 26(e) provides in part:

"(e) *Supplementation of Responses.* A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

just such use; and we think it was incumbent upon White to signal the change of classification of Records as well as his true identity by supplemental response under Rule 26(e). With such an amended response made a matter of record before trial, plaintiff would then have had at least the opportunity to notice Records for his deposition or direct further written interrogatories as to his knowledge as with any other fact witness. Further, Records as an officer of White would presumably have been required to have submitted himself to his deposition in Delaware whereas a plant worker of White's would probably not have been required to do so.

Thus, we think that plaintiff was justified in claiming prejudicial surprise. Neither White's letter nor its pre-trial stipulation constituted fair, adequate and sufficient notice to plaintiff of Records' significance to the issues in the case.

### IV

■ While the foregoing may render unnecessary our determining whether Records in fact gave expert testimony, we believe it fairly clear that he did.[10] White obviously considered Records to be an expert by classifying him as such in its answers to interrogatories; Records' education and experience gave him the credentials of an expert; and his testimony was of a highly technical nature—particularly as to the weight bearing strength of the ladder and the load bearing ability of its "feet" by reason of the rivet-bushing coupling arrangement. We do not understand White to be claiming that Records was not an expert but only that he did not give expert testimony when called to testify. However, the entire

thrust of Records' testimony was that plaintiff's ladder would not have collapsed if plaintiff had been using it properly or had not previously damaged it; and that conclusion was based on his knowledge of its design, construction and load capacity and the proper manner of erecting such ladder before climbing. On the record before us, we think that plaintiff was entitled to have that information from White in advance of trial, by way of response to plaintiff's outstanding Interrogatory # 10.

\*    \*    \*    \*    \*    \*

REVERSED.

(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment."

10. Because Records' testimony was based on his own experience, knowledge and observation, White says that his testimony did not

constitute expert testimony because he was testifying only as to facts within his knowledge and observation and did not give opinion evidence, citing *Baggett v. Ashland Oil & Refining Co.*, Ill.App., 92 Ill.App.2d 433, 236 N.E.2d 243 (1968) and *Neider v. Chrysler Corporation*, E.D. Pa., 361 F.Supp. 320, 324 (1973), *aff'd*, 3d Cir., 491 F.2d 748, 750 (1974). But an expert can give opinions based on personal knowledge of the facts as well from hypothetical factual situations.