Vicki Lynn RUSSELL, and John Russell, her husband, Plaintiffs Below, Appellants,

v.

K–MART CORPORATION, a Michigan Corporation Licensed to do business in the State of Delaware, Defendant Below, Appellee.

No. 356, 1999.

Supreme Court of Delaware.

Submitted: June 20, 2000.
Decided: Sept. 13, 2000.

Court Below—Superior Court of the State of Delaware, in and for New Castle County, C.A. No. 96C–12–146.

Joseph J. Longobardi, III, Wilmington, Delaware, for appellant.

Roger D. Landon, Jonathan L. Parshall, Murphy, Spadaro & Landon, Wilmington, Delaware, for appellee.

Before VEASEY, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

Vicki Lynn Russell ("Russell") and John Russell appeal from a final judgment entered by the Superior Court. The predicate for that judgment was a jury verdict in a negligence action. The issue at trial was the nature of Russell's injuries arising from an incident at a K–Mart retail store when Russell was struck by merchandise as it fell from a store shelf.

The appellants have raised three issues on appeal. First, appellants claim the trial judge abused his discretion and erred as a matter of law in excluding expert testimony on the issue of proximate cause. Sec-

ond, the appellants contend that the Superior Court's jury instruction regarding proximate cause was erroneous and misleading. Third, the appellants argue that the Superior Court's failure to instruct the jury on the issues of single indivisible injury and concurrent causation was misleading.

We have carefully examined each of Russell's arguments. We have concluded that none of Russell's contentions successfully demonstrates any reversible error. Therefore, the judgment of the Superior Court must be affirmed.

### Facts

On December 28, 1994, Russell was struck by merchandise that fell from a display shelf at a local K–Mart retail store. The two boxes hit Russell in and about the head and shoulder area. Russell filed an incident report at the store and sought medical attention the next day.

Approximately two weeks later, on January 9, 1995, Russell was involved in an automobile collision. The accident allegedly aggravated Russell's injuries received during the K–Mart incident. Russell immediately sought medical attention. Due to the injuries sustained in both incidents, Russell received medical treatment from 1995 through 1998 for Reflex Sympathetic Dystrophy ("RSD"). At trial, Russell claimed that both the K–Mart incident and the automobile collision were the proximate cause of her pain and suffering arising from RSD.

After the jury had deliberated for approximately one hour, it submitted a note to the trial judge requesting a written copy of the jury instructions and a definition of "negligence." The trial judge provided a copy of the jury instructions, including the definition of "negligence," for each juror. Two days later, the jury returned its verdict. The jury found that although K–

Mart was negligent, its negligence was not the proximate cause of Russell's RSD. The jury awarded Russell $500 for injuries, other than the RSD, that were proximately caused by K–Mart's negligence.

### *Expert Testimony Properly Limited*

■ Russell's first argument relates to her unsuccessful effort to have the certain aspects of the proffered expert testimony by Dr. Ross Ufberg admitted at trial. Dr. Ufberg's entire testimony, if admitted, would have stated that both the K–Mart incident and the automobile accident were indistinguishable causes of Russell's RSD. Russell's pretrial disclosure regarding this expert witness, however, stated only that Dr. Ufberg would "testify for Plaintiffs in this case. His CV is attached. The subject matter on which he will testify are [sic] contained in the records that have already been supplied to [defense] counsel." None of the records supplied by Russell to K–Mart suggested that Dr. Ufberg held an opinion that the K–Mart incident was the cause of Russell's RSD. In fact, to the contrary, in a February 22, 1996 letter that was given to K–Mart during discovery, Dr. Ufberg opined that the various treatments Russell received for her RSD were "reasonable, medically necessary and causally related to the motor vehicle accident of 1/6/95." The Superior Court ruled that Dr. Ufberg's expert testimony at trial would be limited to subjects discussed in his reports and letters.

■ In Delaware, "the requirement of a party to comply with discovery directed to identification of expert witnesses and disclosure of the substance of their expected opinion is a pre-condition to the admissibility of expert testimony at trial." [1] If the substance of an expert's proposed testimony is contained in his deposition, the defendant is entitled to rely upon those statements in anticipation of trial. [2] Al-

---

1. *Bush v. HMO of Delaware, Inc.,* Del.Supr., 702 A.2d 921, 923 (1997) (citing *Stafford v. Sears, Roebuck & Co.,* Del.Supr., 413 A.2d 1238 (1980)).

2. *Id.*

though K–Mart did not depose Dr. Ufberg, it was similarly entitled to rely upon the opinions expressed in his reports and letters that contained the substance of his proposed testimony with regard to causation of Russell's RSD. Moreover, limiting the testimony of Dr. Ufberg did not deprive Russell of expert testimony on the subject of causation.[3] Russell presented at trial, the testimony of four other medical experts, properly identified in discovery, on that issue. Therefore, we conclude that the Superior Court properly exercised its discretion in restricting the expert testimony of Dr. Ufberg.

### Proximate Cause Instruction Accurate

Russell's second contention relates to the following instruction by the Superior Court on the issue of proximate cause:

[N]egligence alone is not enough to hold a party liable. The party's negligence must also be a cause of the claimed injuries or harm. Whenever I use the term "cause," I mean "proximate cause." Proximate cause is a legal term meaning a cause which brings about a result and without which the result would not have followed. Negligence is considered a proximate cause of an injury when the injury would not have happened but for the negligence. The "but for" test is your guide in determining proximate cause. Even if you believe a party acted negligently, unless you are convinced by a preponderance of the evidence that such negligence was a proximate cause of the claimed injury, that party cannot be held responsible. Now there may be more than one proximate cause to an accident and/or injury.

Russell's challenge to the proximate cause jury instruction is based on the fact that the Superior Court did not instruct the jury strictly in accordance with the

Pattern Jury Instructions for Civil Practice. The Pattern Jury Instructions for Civil Practice were first promulgated in 1997 by a Superior Court committee. The Disclaimer on the title page of those pattern instructions provides:

The following civil jury instructions were compiled as a reference guide for the benefit · of practitioners in Superior Court. The instructions are merely advisory and the practitioner should not use these instructions without also reviewing the applicable statutes, court rules, and case law. While the Review Committee has made every effort to conform these instructions to the prevailing law, they are always subject to review by the Supreme Court.

■ The Pattern Jury Instructions for Civil Practice reflect the collective effort of several distinguished jurists and practicing attorneys. Although those pattern jury instructions are a valuable resource for the bench and bar, their promulgation did not alter the applicable standards of appellate review.[4] When an instruction to a jury is challenged on appeal, this Court must determine "not ... whether any special words were used, but whether the instruction correctly stated the law and enabled the jury to perform its duty."[5]

■ A party is entitled to an instruction that is legally accurate, but is not entitled to have the jury instructed in a particular format, even if the requested format set forth is the Pattern Jury Instructions for Civil Practice.[6] Consequently, the Superior Court's decision not to instruct the jury verbatim in accordance with the pattern instructions is not a per se basis for successfully alleging error on appeal. Accordingly, the proper focus for our examination of Russell's objection in this appeal is not on whether the pattern

---

3. *Id.*

4. See *Cabrera v. State,* Del.Supr., 747 A.2d 543, 545 (2000) (per curiam).

5. *Id.*

6. *Culver v. Bennett,* Del.Supr., 588 A.2d 1094, 1096 (1991) (citing *Flamer v. State,* Del.Supr., 490 A.2d 104, 128 (1983)).

jury instructions were given *in haec verba,* but whether the instructions that were given set forth an accurate statement of the law.[7]

 In Delaware, in order to prevail in a negligence action, a plaintiff must prove by a preponderance of the evidence that the defendant's action breached a duty of care in a way that proximately caused plaintiff's injury.[8] Since the issue of proximate cause is ordinarily a question of fact to be submitted to the jury, it is necessary for the trial judge to provide proper jury instructions on that concept.[9] In Delaware, a proximate cause is one "which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred."[10] Other jurisdictions adhere to the "substantial factor" test, wherein the defendant is negligent if his conduct was a material element and a substantial factor in bringing about the cause of plaintiff's injury.[11] Although there may be more than one proximate cause of plaintiff's injury, "our time-honored definition of proximate cause" has been the "but for" rule, not the "substantial factor" test.[12]

 "In evaluating the propriety of a jury charge, the jury instructions must be viewed as a whole."[13] "Although a party is not entitled to a particular jury instruction, a party does have the unquali-fied right to have the jury instructed with a correct statement of the substance of the law."[14] Even if the jury instructions contain some inaccuracies, however, this Court will reverse the decision below only if the deficiencies "undermined the ability of the jury 'to intelligently perform its duty in returning a verdict,'" thus excusing the failure to object at trial.[15]

 Reading the jury instructions as a whole, we find no error of law. The proximate cause instructions specifically advised the jury that proximate cause is "a cause which brings about a result and without which the result would not have followed." The trial judge also advised the jury that the "but for" test was their guide in determining proximate cause and that there could be more than one proximate cause of an accident or injury. Thus, the instructions accurately stated the Delaware law on the issue of proximate cause.

### Concurrent Proximate Causes

 Russells' last argument relates to the trial judge's refusal to give Russell's proposed jury instruction on concurrent cause and single indivisible injury. The record reflects that there was no issue whether K–Mart and the other defendants would be joint tortfeasors if K–Mart were found liable. The record reflects the following exchange between the trial judge and counsel:

7. *Id.*

8. *Duphily v. Delaware Elec. Coop., Inc.,* Del. Supr., 662 A.2d 821, 828 (1995). *See also Laws v. Webb,* Del.Supr., 658 A.2d 1000 (1995); *Moffitt v. Carroll,* Del.Supr., 640 A.2d 169, 174 (1994); *Culver v. Bennett,* 588 A.2d at 1096–1097 (1991).

9. *Asbestos Litigation Pusey Trial Group v. Owens–Corning Fiberglas Corp.,* Del.Supr., 669 A.2d 108, 113 (1995) (citing *Culver v. Bennett,* 588 A.2d at 1098 (1991)).

10. *Duphily v. Delaware Elec. Coop., Inc.,* 662 A.2d at 829 (quoting *Culver v. Bennett,* 588 A.2d at 1097).

11. *Culver v. Bennett,* 588 A.2d at 1097 (1991) (quoting W. Keeton, Prosser and Keeton on the Law of Torts 267 (5th ed.1984)).

12. *Duphily v. Delaware Elec. Coop., Inc.,* 662 A.2d at 828–29.

13. *Culver v. Bennett,* 588 A.2d at 1096 (1991) (citing *Probst v. State,* Del.Supr., 547 A.2d 114, 119 (1988)).

14. *Culver v. Bennett,* 588 A.2d at 1096 (citing *Flamer v. State,* Del.Supr., 490 A.2d 104, 128 (1983)).

15. *Probst v. State,* 547 A.2d at 119 (1988) (quoting *Storey v. Castner,* Del.Supr., 314 A.2d 187, 194 (1973)). *See also Culver v. Bennett,* 588 A.2d at 1096.

Kmart counsel: We understand that plaintiffs are in agreement that that [sic] joint tort feasor is established and therefore we don't anticipate putting any direct evidence of that, since there seems to be an agreement by all parties and the court, as I understood Your Honor's comments at he pretrial conference, that that's all done. And so that at the end of the case the jury will be asked to apportion damages, if they find Kmart liable, among—or between the two accidents, and then that's either going to be $^{50}\!/_{50}$ or $^{1}\!/_{99}$ or something in between.

The Court: Do you agree with that?

Russells' counsel: I think so.

In accordance with the "but for" test, the Superior Court properly instructed the jury that Russell's RSD could have been proximately caused by two different accidents. The jury verdict sheet asked two questions about liability: (1) "Have plaintiffs proven by a preponderance of evidence that Kmart [sic] was negligent?" If yes, then (2) "Have plaintiffs proven by a preponderance of evidence that negligence by Kmart [sic] proximately caused Mrs. Russell to develop Reflex Sympathetic Dystrophy?" The jury answered the first question in the affirmative and the latter question in the negative. The Russells' "single indivisible injury" argument is without merit.

### Conclusion

The judgment of the Superior Court is AFFIRMED.