**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
  VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: July 30, 2018
Date Decided: August 10, 2018

John A. Sensing, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

S. Mark Hurd, Esquire
Richard Li, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Re:  *Project Boat Holdings, LLC v. Bass Pro Group, LLC*
     C.A. No. 12606-VCS

Dear Counsel:

This letter opinion resolves Plaintiff's Motion to Strike Certain Trial Testimony of two expert witnesses, Robert Taylor and Terry Orr (the "Motion").

The parties' dispute arises out of Project Boat Holdings, LLC's ("Project Boat") sale of boat manufacturer PBH Marine Holdings, LLC to Bass Pro Group, LLC ("Bass Pro") in late 2014. Project Boat initiated this action on July 29, 2016, seeking a declaration that Bass Pro is not entitled to indemnification for certain alleged breaches of the operative transaction document, the Membership Interest Purchase Agreement (the "MIPA"), and an order requiring Bass Pro to issue joint

instructions to an escrow agent to release certain indemnification escrow funds as required under the MIPA. On October 5, 2016, Bass Pro filed an answer and counterclaim, seeking a declaration that Project Boat breached the MIPA, breached the covenant of good faith and fair dealing and committed fraud in connection with its representations regarding a line of boats that Project Boat sold to Bass Pro—the 2014 Triton 21 TrX bass boats.[1]

The Court held a four-day trial in June of this year. At trial, Bass Pro presented expert testimony from Robert Taylor and Terry Orr. Project Boat objected to certain aspects of both experts' testimony at trial, and the Court directed that the parties address the objections more thoroughly in a post-trial motion to strike.

In its Motion, Project Boat seeks an order striking designated portions of both experts' trial testimony because: (1) Taylor presented certain opinions at trial that were not previously disclosed to Project Boat in Taylor's expert report or otherwise; and (2) Orr relied completely on Taylor's newly minted opinions in forming his own opinion. Specifically, Project Boat posits that Taylor did not—prior to trial—

---

[1] The Court dismissed Bass Pro's breach of the covenant of good faith and fair dealing counterclaim and dismissed in part Bass Pro's fraud-based counterclaims by order dated July 26, 2017. D.I. 64.

disclose his opinions regarding (1) the adequacy of testing for the 2014 Triton 21 TrX that was completed prior to Project Boat's decision to manufacture the boat with a different lamination schedule; and (2) Project Boat's knowledge as of June 2014 that attempted repairs of the hull failures would not fix the delamination problem.[2]

In response, Bass Pro maintains that Taylor's opinions were not new. Specifically, it points to its Expert Disclosure, dated October 20, 2017, in which it stated that Taylor's testimony, among other matters, would address (1) "[w]hether any repair(s) short of replacing the hulls . . . would have prevented the hulls from cracking and/or delaminating, the nature of such repair(s), and the impacts such repair(s) would have had on the boats"; (2) "[w]hat information would support a conclusion that extensive repairs or replacement was going to be necessary to prevent the hulls from cracking and/or delaminating due to the hull mismatch"; and (3) "[t]he results of all testing performed on or related to the Triton 21 TrX boats at issue in this litigation . . . ."[3] Bass Pro further contends, "Mr. Taylor disclosed in his

---

[2] Pl. Project Boat Hldgs., LLC's Mot. to Strike Certain Trial Testimony of Robert Taylor and Terry Orr ("Pl.'s Opening Br.") 2.

[3] Bass Pro Gp., LLC's Resp. to Mot. to Strike Certain Trial Testimony of Robert Taylor and Terry Orr ("Def.'s Response"), Ex. B. ¶¶ 2(g)–(h).

report his opinion on when information became available that the defective hulls likely would need to be replaced; referenced and attached his notes on the . . . testing as part of his analysis in his expert report; testified in his deposition that the . . . testing did not change his opinion; and was responding to Mr. Hopper's criticism of [Taylor's] opinion when [Taylor] testified at trial regarding the distinctions between different types of testing."[4]

Under Rule 26(b)(4)(A)(i), "[a] party may . . . require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Rule 26(e)(1)(B) provides that once a response to expert discovery is given, the responding party must thereafter "seasonably supplement [its] response with respect to any question directly addressed to . . . the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the

---

[4] Def.'s Response 2.

substance of the person's testimony."  "The purpose of identifying and providing expert reports is to provide the opposing side with notice of the basis for the opinion, and to allow them to respond in kind."[5]

"[T]he requirement of a party to comply with discovery directed to identification of expert witnesses and disclosure of the substance of their expected opinion is a pre-condition to the admissibility of expert testimony at trial."[6] Accordingly, when a proffering party has failed to provide adequate disclosure of his expert's opinions to his opponent prior to trial, the court may exclude the testimony at trial, or receive it subject to objection and a later motion to strike the testimony from the trial record.[7]

With regard to Taylor's testimony that Project Boat should have known by June 2014 that repairs would be inadequate, I find that Bass Pro's disclosures gave

---

[5] *Crookshank v. Bayer Healthcare Pharm.*, 2009 WL 1622828, at *3 (Del. Super. Ct. May 22, 2009) (internal quotation and citation omitted).

[6] *Bush v. HMO of Del., Inc.*, 702 A.2d 921, 923 (Del. 1997) (citing *Stafford v. Sears, Roebuck & Co.*, 413 A.2d 238 (Del. 1980)).

[7] *Cf. Russell v. K-Mart Corp.*, 761 A.2d 1, 3–4 (Del. 2000) (upholding trial court's restriction of expert testimony where certain opinions were not disclosed pre-trial).

adequate pre-trial notice of that opinion to Project Boat and, therefore, there is no basis to strike that opinion. Under Rule 26, "[a] party is only required to 'state the substance of the facts and opinion to which the expert is expected to testify and a summary of the grounds for each opinion.'"[8] He need not provide every nuance or detail of the expert's opinion in a pretrial disclosure (whether by report or interrogatory response), particularly given that our rules of procedure (and the Court's case management order in this case) allow for expert depositions.[9]

In his initial report, Taylor explained that Project Boat learned in June 2014 that the 2014 Triton 21 TrX was missing a lamination layer and that "[t]he obviousness of the result of this mismatch would lead any reasonably competent boat designer to realize that these boats . . . likely would have to be replaced."[10] Taylor further stated, "[a]s the entire hull was missing one to two layers of woven roving, and it was impossible to access the entirety of the interior surface of the hull,

---

[8] *Beard Research, Inc. v. Kates*, 8 A.3d 573, 591 (Del. Ch.) (quoting Ct. Ch. R. 26(b)(4)(A)(i)), *aff'd sub nom. ASDI, Inc. v. Beard Research, Inc.*, 11 A.3d 749 (Del. 2010).

[9] *See id. See also* D.I. 88 (Modified Second Stipulated Scheduling Order) ¶ 1(f).

[10] Transmittal Aff. of John A. Sensing ("Sensing Aff."), Ex. G, at 3–4.

it was evident that hull replacement was the only option on the table."[11]   In his rebuttal report, Taylor opined, "[o]nce [Project Boat] identified that [the 2014] Triton 21 TrX boats were missing a laminate layer, it had enough information to know that the hulls of those boats likely would fail through reasonably foreseeable use, would likely need to be replaced, and likely could not be repaired through patching or other means short of replacing the hulls.  A hull replacement program would have been the correct decision with available information in the June/July 2014 timeframe."[12]

These disclosures identify the substance of Taylor's opinions and summarize the grounds for his conclusion.  Project Boat then explored the contours of Taylor's opinion during his deposition in January 2018.[13]   After reviewing these pre-trial disclosures of this aspect of Taylor's opinion, I am satisfied that his trial testimony on this subject was entirely proper and need not be stricken.

---

[11] Sensing Aff., Ex. G, at 21.

[12] Sensing Aff., Ex. L, at 2.

[13] *See, e.g.*, Transmittal Aff. of Richard Li in Resp. to Pl. Project Boat Hldgs., LLC's Mot. to Strike Certain Trial Testimony of Robert Taylor and Terry Orr ("Li Aff."), Ex. F (Taylor Dep.), at 119, 127–28.

Taylor's opinion regarding the adequacy of testing, however, must abide a different fate. Neither of Taylor's reports gave notice to Project Boat that Taylor would be discussing the adequacy of Project Boat's performance testing and neither disclosed the factual basis for any opinion Taylor might later offer on this topic. Bass Pro's Expert Disclosure likewise did not give notice to Project Boat that it should prepare to respond to a challenge regarding the adequacy of its performance testing. While the adequacy of testing might be relevant to "the question of whether information was available in June 2014 that the hulls would likely need to be replaced," as asserted by Bass Pro,[14] whether additional hours of performance testing were necessary or whether testing was otherwise properly performed "is clearly a separate and distinct question."[15]

"It is not reasonable to require Defendants' counsel to go on a wild goose chase with Plaintiff's experts or to depose Plaintiff's experts without the benefit of having the opinions and the . . . scientific reasoning for those opinions."[16] Taylor's

---

[14] Def.'s Response 12.

[15] *Stone v. Stant*, 2008 WL 4482707, at *1 (Del. Ch. Sept. 29, 2008).

[16] *Crookshank*, 2009 WL 1622828, at *3 (internal quotation and citation omitted).

opinion should have been supplemented pursuant to Rule 26(e)(1)(B) if he intended to address the adequacy of testing at trial. Because it was not, his trial opinion on this subject must be stricken.

Finally, the Motion argues that Orr's testimony (relating to the extent to which Project Boat's representations in the MIPA complied with GAAP) should be stricken because his "entire opinion is based on the opinions of Mr. Taylor, most of which should be stricken because they are not found in Mr. Taylor's initial report."[17] To start, I have already determined that one aspect of Taylor's testimony—namely, when Project Boat became aware that repairs would be inadequate—was adequately disclosed and will not be stricken. To the extent Orr referred to or relied upon that part of Taylor's testimony, his testimony is not objectionable on that ground.

Moreover, and more to the point, contrary to Project Boat's assertion, I do not find that Orr "abandoned his . . . assumption" in favor of Taylor's testimony as the basis for his opinion.[18] In preparing his initial report, Orr was asked to assume that

---

[17] Pl.'s Opening Br. 13.

[18] *See* Pl. Project Boat Hldgs., LLC's Reply Br. in Further Supp. of Its Mot. to Strike Certain Trial Testimony of Robert Taylor and Terry Orr ("Pl.'s Reply Br.") 7–8.

replacement (as opposed to some lesser repair) was the appropriate remedy for a hull "mismatch" in order to determine the accuracy of Project Boat's MIPA representations.[19] In his rebuttal report, Orr explained that Taylor's initial report, along with certain deposition testimony and documents in the record, were "consistent with [the] assumption" he was asked by counsel to make.[20] And, at trial, Orr was asked: "Are you testifying to the Court based on [your initial] assumption or are you relying upon other information?"[21] Orr replied: "Today, I'm relying on Mr. Taylor's report, his rebuttal report, his deposition, and his trial testimony."[22]

When taken out of context, Orr's answer to Plaintiff's counsel's questioning at trial may imply that Orr "abandoned his report (and the assumption contained therein)."[23] When considered in conjunction with Orr's rebuttal report, however, his

---

[19] *See* Transmittal Aff. of John A. Sensing in Supp. of Pl. Project Boat Hldgs., LLC's Reply Br. in Further Supp. of Its Mot. to Strike Certain Trial Testimony of Robert Taylor and Terry Orr ("Sensing July Aff."), Ex. N (Orr Dep.), at 33.

[20] Li Aff., Ex. N ¶ 7.

[21] Sensing Aff., Ex. A (Trial Tr.), at 979:13–15.

[22] Sensing Aff., Ex. A (Trial Tr.), at 979:16–18.

[23] Pl.'s Reply Br. 7.

trial testimony confirms that he simply determined that his initial assumption had been confirmed by Taylor's reports, deposition and trial testimony. Accordingly, the initial assumption did not change, and his opinion remained the same. Orr's testimony will not be stricken.

For the foregoing reasons, the Motion is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*